UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| METHODIST HEALTHCARE MEMPHIS HOSPITALS D/B/A LE BONHEUR CHILDREN'S HOSPITAL,<br><br>           Plaintiff,<br><br>v.<br><br>SUNFROG LLC,<br><br>           Defendant. | Case No. 2:16-cv-02718 |

## AMENDED COMPLAINT

Plaintiff Methodist Healthcare Memphis Hospitals d/b/a Le Bonheur Children's Hospital, for its Complaint and in support of its causes of action against the Defendant, states as follows:

### I. PARTIES

1.  Plaintiff is a nonprofit corporation organized and existing under the laws of the State of Tennessee.

2.  Upon information and belief, Defendant SunFrog LLC ("SunFrog") is a limited liability company organized and existing under the laws of the State of Michigan. Defendant may be served at 1782 O'Rourke Blvd, Gaylord, Michigan 49735.

### II. JURISDICTION

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.  This Court has personal jurisdiction over SunFrog, because SunFrog transacts business here and throughout the United States. Furthermore, SunFrog has continuous and systematic contacts in Tennessee.

### III.  FACTS

5.  Plaintiff is an integrated health care delivery system based in Memphis, Tennessee, with five primary facilities located in the Mid-South, including, Le Bonheur Children's Hospital, Methodist Le Bonheur Germantown Hospital, Methodist North Hospital, Methodist South Hospital, and Methodist University Hospital.

6.  As early as May 2, 2010, Plaintiff began using the mark "LE BONHEUR CHILDREN'S HOSPITAL" in conjunction with and to advertise its services in the fields of health, safety, education, and wellness.  On April 22, 2010, Plaintiff applied to the United States Patent and Trademark Office (the "USPTO") to register the design mark LE BONHEUR CHILDREN'S HOSPITAL for use with "educational services, namely, providing classes, seminars and workshops in the fields of health, safety and wellness" and "medical and healthcare services" (the "Design Mark").  The USPTO approved that application, and Plaintiff obtained Registration No. 4,071,363.  A true and correct copy of that registration is attached as Exhibit 1.

7.  On September 1, 2016, Plaintiff applied to the USPTO to register the standard characters LE BONHEUR CHILDREN'S HOSPITAL under Serial No. 87/158,893 for use in the same classes as the Design Mark (collectively with the Design Mark, "the Mark"). The Mark has been used continuously by Plaintiff since at least May 2, 2010.

8.  For over 6 years Methodist Healthcare has continuously used the Le Bonheur Children's Hospital name in conjunction with comprehensive medical care.  Le Bonheur Children's Hospital has a significant presence on the Internet (*see, e.g.* http://www.lebonheur.org & https://www.facebook.com/lebonheurchildrens/) and has developed a strong brand in the healthcare marketplace.  Methodist Healthcare has invested heavily, not only in building the Le Bonheur Children's Hospital brand, but also in maintaining its brand presence.  Further, Methodist Healthcare has developed substantial goodwill, recognition, and trademark rights in its intellectual property in the United States and abroad.

9.   Upon information and belief, Defendant is a limited liability company that sells t-shirts and other apparel.

10. Since at least 2014, Defendant has unlawfully used the Mark without Methodist Healthcare's authorization or consent in connection with the manufacture, distribution, and/or sale of t-shirts through its website. The apparel sold by Defendant depicts the unauthorized use of the Mark (Exhibit 2).

11. Defendant's unauthorized use of the Mark has caused actual confusion by third parties and has led to the potential for confusion. Defendant's continued use of the Mark will exacerbate this confusion, particularly given Plaintiff's growth.

12. Despite Plaintiff's demands, Defendant has refused to cease using the Mark. By using Plaintiff's Mark without Plaintiff's permission, Defendant has traded off and unfairly capitalized from the goodwill and reputation associated with Plaintiff's Mark and misled and/or confused the public so as to misdirect them to Defendant and/or to lead them to believe that the parties are affiliated.

### Count I:  Trademark Infringement

13. Plaintiff incorporates by reference the foregoing paragraphs.

14. Defendant has used Plaintiff's Mark in commerce without authorization and in a manner that has caused and is likely to cause confusion, mistake, and/or deception as to the source of Defendant's goods and services.

15. Defendant's willful and unauthorized use of the Mark is an unlawful infringement prohibited by 15 U.S.C. § 1114.

16. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and is entitled to monetary damages, injunctive relief and other relief.

17. Plaintiff faces irreparable harm as a consequence of Defendant's conduct.

### Count II:  Unfair Competition

18. Plaintiff incorporates by reference the foregoing paragraphs.

19. Through the Mark, the public has come to identify Plaintiff's services.

20. Through its unauthorized use of the Mark, Defendant has knowingly and intentionally misrepresented and falsely designated to the general public the affiliation,

connection, association, nature, origin, source, endorsement, sponsorship and approval of such services, and Defendant has created a likelihood of confusion by the public as to the affiliation, connection, association, nature, source, endorsement, sponsorship and approval of such services.

21. Defendant's conduct has been intentional and deceptive and calculated specifically to trade off the goodwill that Plaintiff has developed in its Mark in connection with its services.

22. The aforementioned acts of Defendant constitute false designation of origin, false enforcement and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

23. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff has been damaged and is entitled to monetary damages and other relief.

24. Defendant's unlawful conduct has caused and/or will cause Plaintiff to sustain irreparable harm, and Plaintiff will continue to sustain irreparable harm in the event that Defendant's conduct continues.

### Count III:  Unjust Enrichment

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. Defendant has been unjustly enriched by its unauthorized use of the Mark. Plaintiff has invested significant resources in developing goodwill associated with the Mark.

27. Defendant has unfairly and unjustly accepted and enjoyed the benefit of the Mark without compensating Plaintiff for the benefits Defendant has received.

28. Defendant, therefore, has been unjustly enriched, and as equity demands, Defendant is entitled to be paid the reasonable value of the benefits that Defendant have received from its unauthorized use of the Mark.

**WHEREFORE**, Plaintiff Methodist Healthcare Memphis Hospitals d/b/a Le Bonheur Children's Hospital, prays that this Court:

1. Enter a judgment in favor of Plaintiff against Defendant for compensatory damages, as well as all damages available to it under 15 U.S.C. § 1117, including but not limited to treble damages, reimbursement of Plaintiff's attorneys' fees, costs and expenses, and appropriate interest on all such damages;

2. Award Plaintiff injunctive relief restraining and enjoining Defendant from using the Mark;

3. Award Plaintiff compensatory damages for unjust enrichment as a consequence of Defendant's unlawful activities; and

4. Award Plaintiff such other and further relief as it deems just and equitable.

Respectfully submitted,

/s/ David L. Johnson
David L. Johnson, #18732
Butler Snow LLP
*The Pinnacle at Symphony Place*
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Phone:  (615) 651-6700
Fax: (615) 651-6701
David.johnson@butlersnow.com

Hemant Gupta, No. 24458
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
T. (901) 680-7333
hemant.gupta@butlersnow.com

*Attorneys for Plaintiff*

**Exhibit 1**

# United States of America
## United States Patent and Trademark Office


Le Bonheur
Children's Hospital

Reg. No. 4,071,363
Registered Dec. 13, 2011
Int. Cls.: 41 and 44

**SERVICE MARK**

**PRINCIPAL REGISTER**

METHODIST HEALTHCARE MEMPHIS HOSPITALS (TENNESSEE CORPORATION NON-PROFIT), DBA LEBONHEUR CHILDREN'S MEDICAL CENTER,
1265 UNION AVENUE
MEMPHIS, TN 38104

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING CLASSES, SEMINARS AND WORKSHOPS IN THE FIELDS OF HEALTH, SAFETY AND WELLNESS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-2-2010; IN COMMERCE 5-2-2010.

FOR: MEDICAL AND HEALTHCARE SERVICES, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 5-2-2010; IN COMMERCE 5-2-2010.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHILDREN'S HOSPITAL", APART FROM THE MARK AS SHOWN.

THE COLOR(S) BLUE, RED AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE PHRASE "LEBONHEUR" IN BLUE TITLE CASE LETTERS, WHICH THE LETTER "O" IS REPLACED WITH A RED HEART SHAPE WITH WHITE STITCHING WITHIN THE INSIDE EDGE, ALL OF WHICH IS ABOVE THE PHRASE "CHILDREN'S HOSPITAL" IN RED TITLE CASE LETTERS.

THE ENGLISH TRANSLATION OF "LE BONHEUR" IN THE MARK IS "HAPPINESS".

SN 85-020,835, FILED 4-22-2010.

THEODORE MCBRIDE, EXAMINING ATTORNEY

David J. Kappos
Director of the United States Patent and Trademark Office

**Exhibit 2**







32666480v1